12-641
Edward McCormack v. Joint Industry Board of the Electrical Industry

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**AMENDED SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 21ˢᵗ day of February, two thousand thirteen.

Present:    ROBERT A. KATZMANN,
            GERARD E. LYNCH,
                    *Circuit Judges*,
            KATHERINE B. FORREST,
                    *District Judge.*[*]

_____

EDWARD MCCORMACK,

                    *Plaintiff-Appellant*,


                    - v -                                No. 12-641

JOINT INDUSTRY BOARD OF THE ELECTRICAL
INDUSTRY, GERALD FINKEL, GINA M. ADDEO, JOHN
E. MARCHELL, VITO V. MUNDO, SALVATORE ANELLI,
SAL CAPUTO, THOMAS CARLUCCI, MICHAEL
CASTELLANO, MENACHEM GAL, JOHN E. KILGALLEN,
RICHARD P. KLEINKNECHT, STEVEN LAZZARO, CIRO
LUPO, MICHAEL M. MAZZEO, JR., DAVID B. PINTER,
JOHN PINTO, DAVID I. SAMUELS, GARY SEGAL,
CHRISTOPHER ERIKSON, DOUGLAS GRIFFITH, MARK
G. HANSON, WILLIAM HOFVING, JOHN E. MARCHELL,
AUSTIN MCCANN, VINCENT MCELROEN, RAYMOND
MELVILLE, ROBERT OLENICK, LUIS RESTREPO, PAUL

_____

[*] The Honorable Katherine B. Forrest, of the United States District Court for the Southern District of New York, sitting by designation.

RYAN, JOSEPH SANTIGATE, STEVEN SCHWARTZ,
LANCE VAN ARSDALE, members of the board in their
official capacities,

*Defendants-Appellees.*

For Plaintiff-Appellant:        AARON DAVID FRISHBERG, New York, N.Y.

For Defendants-Appellees:        PETER DECHIARA, Cohen, Weiss and Simon LLP, New York,
                                 N.Y.

Appeal from the United States District Court for the Eastern District of New York
(Johnson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Edward McCormack appeals from a January 30, 2012, Memorandum

and Order of the United States District Court for the Eastern District of New York (Johnson, *J.*),

which granted summary judgment to Defendants-Appellees the Joint Industry Board of the

Electrical Industry, its members in their official capacities, and its general counsel (collectively,

the "Board"). We assume the parties' familiarity with the underlying facts, procedural history of

the case, and issues on appeal.

McCormack contends that the district court erred when it rejected his challenge to the

Board's denial of his claim for a disability pension. He argues that the district court improperly

relied on a provision of the pension plan that the Board failed to invoke in its denial notice.

Specifically, the district court held that McCormack was ineligible for a disability pension

because he did not satisfy the plan's requirement that applicants be employed or available for

employment for the ten years immediately prior to his injury (the "availability requirement").

By contrast, the Board informed McCormack in its denial notice that McCormack was ineligible

2

"since he did not apply for a Disability Pension within two years of being found to be disabled."[1] App'x at 100. McCormack argues that when the Board failed to list the availability requirement as a second ground for the denial, it waived the issue for the purpose of any future litigation.

We disagree. A claimant's satisfaction of an eligibility requirement is "analogous to whether underlying coverage exist[s] at all, and thus [can] not be waived." *Lauder v. First Unum Life Ins. Co.*, 284 F.3d 375, 381 (2d Cir. 2002). McCormack does not contend—nor could he—that he was employed or available for employment for the ten years immediately preceding his injury. "[T]o deem the defense of [prior employment status] to be waived, and thereby allow [McCormack] to recover without proving an essential element of [his] claim under the policy, would improperly expand the coverage of that policy." *Id.*

McCormack next contends that even if the availability requirement is not waived, its mandatory nature is ambiguous. He makes two principal arguments in support of the contention that the requirement is ambiguous. We find each to be without merit.[2]

First, McCormack observes that the plan includes an almost identical requirement in its list of eligibility requirements for the standard pension, a separate type of pension provided in the plan. The 2002 plan states that a participant must have "been employed by Contributing Employers or ha[ve] been available for such employment for at least twenty (20) years immediately prior to the date of application for pension" in order to be eligible for a standard

---

[1] Because we affirm the district court's decision on the basis of McCormack's failure to satisfy the availability requirement, we do not reach whether the Board's application of the two-year deadline to McCormack's claim was arbitrary and capricious.

[2] Because we reject McCormack's contention that the provision is ambiguous, we do not reach whether ambiguity is construed against the drafter where the plan invests the administrator with broad discretionary authority, but where the provision at issue was not raised by the administrator as a basis for denying the claim.

3

pension. App'x at 198. McCormack claims that the plan administrator indicated that he was eligible for a standard pension when the plan administrator wrote in a letter to McCormack that "[a]t age 65[](normal retirement age), your monthly benefit is estimated to be $900 (18 x $50)." App'x at 91. He contends that if the availability requirement is appropriately construed to disqualify him from the disability pension, the near-identical requirement should have been construed to disqualify him from the standard pension as well—and that consequently whether the availability requirement is mandatory is ambiguous in light of the plan administrator's letter.

We are not convinced. Assuming arguendo that a letter from a plan administrator could render ambiguous a requirement in an ERISA plan, this particular letter failed to do so. The 2002 plan includes three types of retirement pensions. The language in the letter does not indicate that the estimated benefits described would be provided pursuant to the standard pension (or any pension in particular). Indeed, it seems highly unlikely that the letter was referring to the standard pension because the standard pension requires at least 20 pension credits (McCormack had 18) and is available to applicants who reach age 60 in covered employment (the letter refers to age 65).

Second, McCormack contends that the plan's provisions with respect to breaks in service render the availability requirement ambiguous. He observes that after a break in service a plan participant may reinstate years of vesting service earned before the break by earning additional years of vesting service after the break. He notes that under the Board's interpretation of the phrase "immediately prior to," a break in service would be reparable under the break-in-service provisions but would nonetheless render a person ineligible for disability and pension benefits.

The difficulty with this argument is that McCormack does not explain why the break-in-service provisions should dictate eligibility for the disability or the standard pension. The break-

4

in-service provisions are relevant with respect to the vested pension. To be eligible for that pension, a plan participant must have a set number of years of vesting service but does not need to satisfy an availability requirement. By contrast, the plan imposes an availability requirement with respect to both the standard and the disability pensions. Reaching the required number of years of service is an insufficient basis for eligibility for either of those pensions. The fact that the availability requirements impose additional restrictions on eligibility for the standard and the disability pensions does not imply that the mandatory nature of those requirements is ambiguous.

Finally, McCormack contends that the availability requirement should not have been applied because it is contrary to public policy. He asserts that if a "brief absence could jeopardize the ability of a participant in the Plan to be entitled to benefits, . . . it would inhibit workers in t[]he electrical industry from taking time off to deal with drinking problems." Brief for Plaintiff-Appellant at 20. He argues that we should recognize a public policy of protecting public safety and public health from the dangers of alcohol. However, McCormack cites, and we perceive, no legal basis for the proposition that a provision in an ERISA plan will not be enforced where it conflicts with an individual's ability to pursue treatment for alcoholism.

We have considered McCormack's remaining arguments regarding the availability requirement and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK